REDMANN, Judge
(dissenting).
This case presented two principal alternatives to us:
(1) Should Representative Boesch’s failure to timely appeal a ruling of the Democratic Executive Committee for the 103rd Representative District (as constituted by United States District Court decree, presumably if untraditionally in the exercise of the “judicial Power” of the United States) deprive him of a right definitively adjudicated to be his in a Baton Rouge action against the members of that Committee (as part of the State Central Committee) ; or
(2) Should the failure of the members of the 103rd Representative District Committee (or any other party) to timely appeal the decision of the 19th Judicial District Court prevent the Committee from further contesting the right which was there adjudicated and under traditional notions has become res judicata?
*630 It could hardly be plainer that under the Louisiana Constitution of 1921 (however violative of the United States Constitution in some respects), Representative Boesch could not have been disqualified by his move within an Orleans ward, since Representatives, in Orleans, were to come from wards; • see La.Const, art. 3 § 2. The word “district” in art. 3 § 9, in the context of Louisiana’s constitution’s words, means “senatorial district”. This question affected, to our knowledge, three would-be candidates in three different sections of the state, and presumably affected others in yet other areas. Although unquestionably the ordinary election processes require a first determination of eligibility for primaries by political party committees, this question was one related not to party qualifications, but to constitutional qualification to hold the office ultimately sought: and it was one that ought to be decided identically throughout the state. The class action brought against the State Central Committee (s), from which committee all district committees are composed, appears (in the unusual circumstances of traditional, Louisiana-constitutional geographical boundaries disappearing) to have been a proper invocation of Louisiana’s judicial branch’s power. The 19th Judicial District Court judgment, rendered September 13 and read and signed September 17, was not appealed from until September 27, although R.S. 18:364 requires such a matter be filed in the court of appeal within five days of rendition. That judgment is now final and was final September 18 (or, at the latest, 20). An Orleans court on September 17 ordered the committee to heed the Baton Rouge judgment and not disqualify Boesch on the ground already decided in Boesch’s favor.
Rather than tell Representative Boesch he cannot be a candidate because he failed to appeal the committee’s ruling, we should tell the committee (the only party before us) it cannot disqualify Representative Boesch because its members failed to appeal the Baton Rouge Court’s decision and are therefore bound by it. We should affirm the Orleans judgment complained of.
To allow Boesch to remain on the ballot would not defeat the electors’ right to elect or reject the man who presently is the Representative of about half of them. To strike Boesch from the ballot does defeat that right. In the absence of clear statutory or constitutional disqualification we should not allow the electors’ right to be defeated.
GULOTTA, J., joins in the dissent of REDMANN, J., and assigns further written reasons.
GUIDRY, J., joins in the dissent of RED-MANN, J.